# Exhibit A

<u>SERVICE OF PROCESS LOG</u>

| DATE RECEIVED | TIME RECEIVED | DELIVERED BY | SIGNED FOR BY | VISITOR LOG |
| --- | --- | --- | --- | --- |
| 4/4/14 | 1:50 | George Phillps PRS | Lea | ✓ |

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. *SUCV 2014-00997-BLS*

*LAUREN MILLER, Individually and on behalf of all others similarly situated,* , Plaintiff(s)

v.

*FREE PEOPLE, LLC and FREE PEOPLE OF PA LLC* , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon *DAVID PASTOR* *PASTOR LAW OFFICE LLP* plaintiff's attorney, whose address is *63 ATLANTIC AVENUE, BOSTON, MA,* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ___*3RD*___ day of ___*APRIL*___, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

LAUREN MILLER,  individually and on
behalf of all others similarly situated,

                                        Plaintiff,

v.

FREE PEOPLE, LLC and FREE PEOPLE OF
PA LLC,

                                        Defendants.

C.A. No:    14 - 0997

RECEIVED

MAR 2 6 2014

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## CLASS ACTION COMPLAINT

Plaintiff, Lauren Miller ("Plaintiff"), by and through her undersigned counsel of record, on

behalf of herself and all others similarly situated, submits the following class action complaint

against Defendants Free People LLC and Free People of PA, LLC (collectively, "Free People"),

and based upon personal knowledge as to her own acts and circumstances and based upon

information and belief as to all other matters, alleges as follows.

### I.       SUMMARY OF THE ACTION

1.       Plaintiff brings this action for redress of the unlawful practice of Free People of

collecting ZIP codes at checkout at their Massachusetts stores from customers who make

purchases with Credit Cards[1], recording that information as part of the Credit Card transaction,

---

[1] *The term "Credit Card," as used herein, is meant to include credit cards, debit cards, so-called hybrid cards (which can be used for credit and/or debit transactions), and/or any other device or instrument incorporated within the definition of "Credit Card" set forth in G.L. c. 93, § 104. See Commonwealth v. Ryan, 79 Mass. App. Ct. 179, 183-186 (Mass. App. Ct. 2011), review denied, 460 Mass. 1103 (2011).*

and then using that information for their own marketing and promotional purposes, including to send unsolicited marketing and promotional materials, or "junk mail." This practice, which has affected Plaintiff and members of the Class, as described and defined herein, is an invasion of privacy and violates G. L. c. 93 § 105(a) and G. L. c. 93A, § 2.

      2.     A recent article from CNNMoney discussed the significant privacy violations that result from the practice of collecting ZIP codes[2]:

> [T]he five-digit zip code is one of the key items data brokers use to link a wealth of public records to what you buy. They can figure out whether you're getting married (or divorced), selling your home, smoke cigarettes, sending a kid off to college or about to have one. Such information is the cornerstone of a multi-billion dollar industry that enables retailers to target consumers with advertising and coupons. Yet, data privacy experts are concerned about the level at which consumers are being tracked without their knowledge -- and what would happen if that data got into the wrong hands. Acxiom, one of the biggest data brokers in the business, claims to have a database that holds information -- including one's age, marital status, education level, political leanings, hobbies and income level -- on 190 million individuals. Major competitors, like Datalogix and CoreLogic, tout similarly vast databases. In most cases, all that is needed to match the information these data brokers compile with what you buy is your full name — obtained when you swipe a credit card — and a zip code, according to data privacy experts. This allows them to figure out that you are the Sally Smith who lives in Butte, Mont., not the one who lives in Denver, for example. "For the majority of the country, the zip code is going to be the piece of the puzzle that is going to enable a merchant to identify you," said Paul Stephens, director of policy and advocacy at the Privacy Rights Clearinghouse.

      3.     Plaintiff, on behalf of herself and the Class, seeks damages for invasion of privacy and violation of c. 93, § 105(a) and accordingly, c. 93A, § 2, disgorgement of the profits or other benefits received by Free People as a result of the practices described herein in violation of c. 93, § 105(a) and/or statutory damages under c. 93A, § 9(3). Plaintiff brings this action as a class action on behalf of herself and a class comprised of all persons whose ZIP codes were collected

---

[2] Hicken, Melanie. "What your zip code reveals about you." CNN Money. http://money.cnn.com/2013/04/18/pf/data-privacy/ April 18, 2013. Accessed March 19, 2014.

and recorded at any Free People retail location in Massachusetts while making Credit Card

purchases during the period from March 26, 2010 through the present (the "Class Period").

## II.  THE PARTIES

4.    Plaintiff is an individual residing in Boston, Suffolk County, Massachusetts.
Plaintiff has received unsolicited marketing and promotional mailings from Free People as a
result of its collection and recording of her ZIP code at checkout when she made purchases at a
Free People retail location and paid by Credit Card.

5.    Defendant Free People LLC is a limited liability company, organized under the
laws of Delaware, with a principal place of business at 5000 South Broad Street, Philadelphia, PA
19112. Defendant Free People of PA LLC is a limited liability company, organized under the
laws of Delaware, which merged with Free People LLC in 2005.

## III.  JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter pursuant to G.L, c. 212, §§ 3 and 4.

7.    This Court has personal jurisdiction over Defendants pursuant to G.L. c. 223A, §
3(a) because Defendants: regularly transact and have transacted business in the Commonwealth of
Massachusetts by maintaining retail store locations in Massachusetts and selling products to
Massachusetts customers; Defendants solicit business within the Commonwealth of
Massachusetts; and the acts or conduct that are the subject matter of this action arose from the
Defendants' transaction of business in Massachusetts.

8.    Venue is proper in this County because Plaintiff resides in this County and Free
People maintains a retail store location in this County.

9.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 09-1, because this case is brought as a class action which will need substantial case management.

## IV.   FACTUAL ALLEGATIONS

10.     G. L. c. 93, § 105(a) forbids the collection and recording of personal identification information in Credit Card transactions:

> Section 105 (a) No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

11.     ZIP codes are within Section 105(a)'s definition of personal identification information. *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 506 (2013) ("[T]his Court holds that ZIP code numbers are 'personal identification information' under Section 105(a)").

12.     Section 105(d) provides that "[a]ny violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Accordingly, a violation of Section 105(a), including the practice of collecting and recording ZIP codes in connection with Credit Card purchases, is also a violation of c. 93A, § 2 and thus actionable under c. 93A, § 9.

13.     Free People has a retail store at 800 Boylston Street in Boston, and four other retail store locations in Massachusetts.

14.     Free People collects ZIP codes from customers when they make purchases with Credit Cards at its retail store locations.  When a customer makes a purchase with a

4

Credit Card, store employees ask the customer for his or her ZIP code at the register, and the employees then record that information on the credit card transaction form located on the register as part of the Credit Card transaction. Free People has engaged in this practice throughout the Class Period.

15.     The ZIP code information that Free People collects from Plaintiff and Class members is neither required by the Credit Card issuers nor necessary in order to complete the Credit Card transactions at the retail locations.

16.     Free People does not collect, record, and use the customers' (including Plaintiff's and Class members') ZIP code information in order to verify the customer's identity or for any other legitimate purpose in connection with the Credit Card transaction. Rather, Free People uses this information for its own marketing and promotional purposes. Possession of the consumer's ZIP code information, together with the customer's name, enables Free People to identify the customer's address and/or telephone number through the use of commercially available databases.

17.     Free People uses the ZIP code information it collects from customers (including Plaintiff and Class members) and the addresses and other information it then obtains, to send unsolicited marketing and promotional materials, or "junk mail," to customers, including Plaintiff and Class members.

18.     Free People also has the ability to sell the ZIP code information it collects from customers (including Plaintiff and Class members) and the addresses and other information it then obtains, to third parties for a profit or to use the information for other marketing and promotional purposes.

5

19.   Plaintiff and Class members have suffered an injury as a result of Free People's unlawful conduct by receiving unsolicited marketing and promotional materials, or "junk mail," from Free People.  Plaintiff and Class members have also suffered an injury as a result of Free Peole's misappropriation of their ZIP codes and other personal identification information for use in its marketing and promotional efforts and other improper and unlawful purposes, from which Free People earns a profit and obtains other benefits.  Plaintiff and Class members' personal identification information has commercial value, which is demonstrated by, among other things, the profit or other economic benefit Free People obtains, and has obtained from the use of that information.

20.   Plaintiff's and Class members' damages as a result of this unlawful conduct include the invasion or breach of their privacy from the collection of their personal identification information and the profit or other economic benefit obtained by Free People from the use of that information.

21.   Plaintiff made Credit Card purchases at the Free People retail location at 800 Boylston Street in Boston, Massachusetts during the Class Period, including on or about January 3, 2013.  Plaintiff made these purchases using her Sovereign bank debit card.

22.   At the point of sale, while checking out at the register, the store clerk asked for and collected Plaintiff's ZIP code and wrote that ZIP code on the Credit Card transaction form on the computerized register as part of the Credit Card transaction.

23.   After Plaintiff provided her ZIP code as discussed above, Free People began sending Plaintiff unsolicited marketing and promotional materials, or junk mail. Prior to having

6

provided her ZIP code to Free People, Plaintiff had not received any junk mail from Free People, nor had she requested or consented to the receipt of any such materials.

24.     Plaintiff's Credit Card issuer does not require a purchaser's ZIP code in order to complete a credit card transaction.

## V.     CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rules 23(a) and (b) of the Massachusetts Rules of Civil Procedure and G.L., c. 93A, § 9(2) on behalf of a class defined as:

> All persons whose ZIP codes were collected and recorded at any Free People Massachusetts retail location while making a Credit Card purchase from March 26, 2010 through the present (the "Class").

26.     Excluded from the Class are Defendants and their subsidiaries and affiliates; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.  Plaintiff reserves the right to modify or amend the Class definition, as appropriate.

27.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28.     Numerosity – Mass. R. Civ. P. 23(a)(1).  The Class is so numerous that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at least hundreds, if not thousands of Class members.  The precise number of Class members and their addresses are unknown to Plaintiff, but may be ascertained from Free People's books and records.  Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

29.     Commonality and Predominance – Mass. R. Civ. P. 23(a)(2) and 23(b).  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members.  All Class members were subject to the same business practice complained of, the collection and recording of their ZIP codes in connection with Credit Card purchases.  Furthermore, common questions of law and fact, include, but are not limited to:

a.     Whether Free People's conduct as alleged herein violates Massachusetts law, including the provisions of c. 93, § 105;

b.     Whether Free People's conduct as alleged herein constitutes unfair and deceptive acts or practices in violation of c. 93A, § 2;

c.     Whether Plaintiff and Class members have been injured by Free People's unfair and deceptive acts or practices;

d.     Whether Free People's violation of c. 93A, § 2 was willful and knowing;

e.     Whether Plaintiff and Class members are entitled to damages and if so, in what amount;

f.     Whether Free People has been unjustly enriched as a result of the conduct complained of herein;

g.     Whether Plaintiff and the other members of the Class are entitled to restitution and, if so, in what amount; and

h.     Whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

30.     Typicality – Mass. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were similarly injured through the uniform misconduct described herein and all Class members have the same claim, *i.e.,* that Free People's collection of ZIP codes violated and violates c. 93, Section 105(a).

31.     Adequacy of Representation – Mass. R. Civ. P. 23(a)(4) and c. 93A, § 9(2).
Plaintiff is an adequate Class representative because her interests do not conflict with the interests
of the other members of the Class she seeks to represent; she has retained counsel competent and
experienced in class action litigation, including litigation concerning c. 93, Section 105(a); and
Plaintiff intends to prosecute this action vigorously.  The Class's interests will be fairly and
adequately protected by Plaintiff and her counsel.

32.     Similarly Situated and Injured Persons -- c. 93A, § 9(2).  The proposed Class
consists of persons who have suffered the same injury as the Plaintiff and who, for the reasons
stated above, are similarly situated to each other and to the Plaintiff.

33.     Superiority – Mass. R. Civ. P. 23(b).  A class action is superior to any other
available methods for fairly and efficiently adjudicating this controversy, and no unusual
difficulties are likely to be encountered in the management of this class action.  The damages or
other financial detriment suffered by Plaintiff and the other members of the Class are relatively
small compared to the burden and expense that would be required to individually litigate their
claims against Defendants, so it would be impracticable for Class members to individually seek
redress for Free People's wrongful conduct.  Even if the Class members could afford individual
litigation, the court system could not.  Individualized litigation creates a potential for inconsistent
or contradictory judgments, and increases the delay and expense to all parties and the court
system.  By contrast, the class action device presents far fewer management difficulties, and
provides the benefits of single adjudication, economy of scale, and comprehensive supervision by
a single court.

## VI.   CLAIMS FOR RELIEF

## COUNT I

### (Unfair and Deceptive Business Practices
G. L., c. 93A, §§ 2 and 9)

34.     Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

35.     At all relevant times, Free People was engaged in commerce for purposes of G. L. c. 93A.

36.     G. L. c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." G. L. c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

37.     By collecting and recording Plaintiff's and Class members' ZIP code information for its own promotional and marketing purposes when Plaintiff and Class members made Credit Card purchases at its Massachusetts retail store locations, in violation of c. 93, § 105(a), Free People engaged in unfair and deceptive acts or practices in violation of c. 93A, § 2.

38.     Plaintiff and Class members were injured by Free People's conduct as alleged herein by the receipt of unsolicited promotional and marketing material sent by Free People, using the ZIP code and other personal identification information unlawfully collected from Plaintiff and Class members.

39.     Plaintiff and Class members were also injured as a result of Free People's misappropriation of their commercially valuable personal identification information (including their ZIP codes and other information obtained by using the ZIP codes) for profit or other economic benefit.

10

40.    Plaintiff and Class members suffered damages, including the invasion of their privacy and the profit or other economic benefit that Free People obtained from the misappropriation of Plaintiffs' and Class members' personal identification information (including ZIP codes).

41.    Free People's unfair and deceptive acts or practices, as alleged herein, were and are willful and knowing violations of c. 93A, § 2, within the meaning of c. 93A, § 9(3).

42.    On March 23, 2013, Plaintiff made a demand for relief, in writing, to Free People, as required by G. L. c. 93A, § 9(3).  The demand letter explained in detail the nature of the unfair and deceptive acts or practices, the injuries suffered by Plaintiff and the Class, as well as demanding compensation for those injuries and other relief.  Free People has failed to tender a reasonable offer of relief in response to Plaintiff's written demand.

43.    Based on the foregoing, Plaintiff and the other members of the Class are entitled to all remedies available pursuant to c. 93A, §9, including, but not limited to actual damages, statutory damages (to the extent that they are greater than actual damages), double or treble damages, disgorgement of Free People's profits derived from its unlawful activities, injunctive relief, attorneys' fees and other reasonable costs.

## COUNT II

### (Unjust Enrichment)

44.    Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

45.    Plaintiff and the other Class members conferred a benefit upon Free People, in the form of the ZIP codes and other personal identification information they provided to Free People when concluding Credit Card transactions at Free People's retail locations.

46.     Plaintiff's and Class members' ZIP codes and other personal identification information provided to Free People without consideration was commercially valuable, and Free People misappropriated this information for its own improper purposes.

47.     Free People had an appreciation or knowledge of the commercial value of the personal identification information, including ZIP codes, provided to it by Plaintiff and the other members of the Class, of the fact that such information was being provided to it without consideration, and of the benefits it could obtain from the use of that information.

48.     Free People's acceptance or retention of these benefits is inequitable under the circumstances outlined above and entitles Plaintiff and Class members to restitution or such other compensation as is appropriate in the circumstances.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, respectfully requests that the Court order the following relief:

A.     An Order certifying the Class as requested herein;

B.     An Order awarding actual damages or statutory damages in the sum of $25 per violation, whichever is greater;

C.     An Order awarding double or treble damages;

D.     An Order awarding disgorgement of Free People's profits from its unlawful conduct;

E.     An Order awarding restitution to Plaintiff and the other members of the Class;

F.     An Order enjoining Free People from continuing to engage in the unfair and deceptive acts or practices alleged;

G.     An Order awarding attorneys' fees and costs to Plaintiff and the Class; and

H.     Such other and further relief as may be just and proper.

III.   JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated:  March 26, 2014                    Respectfully submitted,


LEONARD LAW OFFICE                    PASTOR LAW OFFICE, LLP

*Preston W. Leonard*                      *David Pastor*

Preston W. Leonard (BBO # 680991)        David Pastor (BBO # 391000)
139 Charles Street, Suite A121           63 Atlantic Avenue, 3d Floor
Boston, Massachusetts 02114              Boston, Massachusetts  02110
Telephone:  617-329-1295                 Telephone:  617-742-9700
pleonard@theleonardlawoffice.com         Facsimile:  617-742-9701
                                         dpastor@pastorlawoffice.com


                                         MEISELMAN, PACKMAN, NEALON,
                                         SCIALABBA & BAKER P.C

                                         *D Greg Blankinship (DP)*

                                         D. Greg Blankinship (BBO No. 655430)
                                         1311 Mamaroneck Avenue
                                         White Plains, New York 10605
                                         Telephone: 914-517-5000
                                         Facsimile: 914-517-5055
                                         gblankinship@mpnsb.com



                    *Counsel for Plaintiff and the Class*



                              13

| CIVIL ACTION COVER SHEET | DOCKET NO(s) **B.L.S.** | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S)<br>LAUREN MILLER, individually and on behalf of all others similarly situated | | DEFENDANT(S)<br>FREE PEOPLE, LLC and FREE PEOPLE OF PA LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number<br>David Pastor, BBO #391000<br>63 Atlantic Avenue, Third Floor<br>Boston, MA 02110, t: 617-742-9700 | | ATTORNEY (if known) |

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? * **Yes**

BH.2 _____ (B) (X)Yes ( ) No

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

Please see attached sheet.

\* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____

DATE: 3/26/14

**THE FOLLOWING IS A FULL AND DETAILED STATEMENT OF THE FACTS ON WHICH PLAINTIFF RELIES TO BE DETERMINE ELIBILITY IN TO THE BUSINESS LITIGATION SESSION:**

This is a class action on behalf of customers at Free People Stores in Massachusetts whose zip codes were collected while making credit card purchases, in violation of G.L. c. 93, § 105(a) and c. 93A, § 2. BLS treatment is appropriate under Superior Court Administrative Directive 09-1 because this class action will likely require substantial case management.

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET#: **SUCV2014-00997-BLS1**

RE: Miller vs. Free People, LLC et al

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "**BLS1**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process with in the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the **BLS1** Session Clerk, Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 conference counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Pilot Project on Discovery (counsel are directed to http://www.mass.gov/courts/courtsandjudges/courts/superiorcourt/index.html for description of the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Pilot Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: 03/27/2014

_____
Janet L. Sanders
Justice of the Superior Court